# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD F. CONNIFF, | : | |
| (# 09667-003) | : | |
|     Petitioner | : | |
| | : | |
| vs. | | |
| | : | CRIMINAL ACTION 06-00282-KD-N |
| | : | (Civil Action No. 11-00674-KD) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2255 Cases. Petitioner, Ronald Francis Conniff, has petitioned this Court for relief pursuant to § 2255, seeking to vacate, set aside, or correct his 2007 prison sentence. (Doc. 46; Doc. 50 at 1). The United States filed a motion to dismiss (doc. 53) on the grounds that the habeas petition was filed beyond the one-year statute of limitations of § 2255(f) and petitioner has established no basis for equitable tolling. Upon consideration of petitioner's motion (doc. 50), the government's motion to dismiss (doc. 53), petitioner's response in opposition thereto (doc. 56) and all other pertinent portions of the record, the undersigned is satisfied that Petitioner's petition is untimely. Therefore, it is recommended that Petitioner's habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent and against Petitioner, Ronald Conniff, pursuant to 28 U.S.C. § 2255(f).

**I.    Discussion**

Ronald Francis Conniff, plead guilty to one count of receipt of child pornography and one count of possession of child pornography. During plea negotiations, Conniff believed he would receive the mandatory minimum sentence of 60-months imprisonment. (Doc. 50-1 at 6). Prior to the sentencing hearing, however, enhancements to Conniff's sentence were proposed by the probation officer due to the content contained in the Internet "chat" logs recovered from Conniff's computer and interviews federal agents had with Conniff regarding the charges against him. (Doc. 37; Doc. 31 at 1-2). Based on the presentencing probation report, the United States recommended Conniff be imprisoned for 327 months. (Doc. 31 at 2). However, on August 31, 2007, Conniff received a lesser sentence of 210-months. (Doc. 46; Doc. 56 at 1). He is currently serving this sentence at a low security prison in North Carolina, and on July 25, 2011, he petitioned this Court for relief pursuant to § 2255,[1] claiming that the seven-level enhancement to his sentence violated his First Amendment rights.[2] (Doc. 46; Doc. 50 at 1).

---

[1] Conniff filed a § 2241 petition for habeas corpus in the Eastern District of Virginia on July 25, 2011. (Doc. 50-1 at 16). This petition was transferred on August 17, 2011, to the Eastern District of North Carolina, the jurisdictional venue where Conniff was imprisoned. (Id.). After reviewing the petition, the Eastern District of North Carolina recharacterized the petition as a motion under § 2255 since it sought challenged the validity of petitioner's sentence and, on November 28, 2011, transferred the case to the Southern District of Alabama where Conniff's sentence was imposed. (Id. at 2-19).

[2] The level-seven enhancement was proposed because Conniff's Internet conversations that occurred in 2003 were with minors. (Doc. 56 at 4). However, Conniff insists that he did not know the actual age or sex of the participant and the Internet chat room conversations were merely "role play" games and should not have been treated as facts in his case or evidence used against him to increase the length of his sentence. (Doc. 50 at 4). This argument fails due to the plain reading of the Federal Sentencing Guidelines. The guidelines state that one need only to have distributed material involving the sexual exploitation of a minor to an individual he believed to be a minor at the time of the offense, not that an individual actually be under 18 years of age. See 2003 Guidelines Manual § 2G2.2, *Application Note 1*. Based on the logs pulled from Conniff's computer,

1. <u>Petitioner's § 2255 motion is time-barred</u>.

Conniff's judgment was entered on August 31, 2007 (doc. 46), and he did not appeal the judgment or conviction or file any post conviction pleadings; therefore, his judgment became final on September 17, 2007. FED. R. APP. P. 4(b)(1)(A) advisory committee's notes (2009 amendments) (At the time of Petitioner's judgment, he had 10 days excluding weekends and holidays to file any appeals.). Title 28 U.S.C. § 2255 governs the authority of the federal courts to consider an application for writ of habeas corpus submitted by a federal prisoner seeking "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) took effect and established a one-year time limit for filing motions pursuant to § 2255. See <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002). Section 2255 states

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

"[i]n several of the 'chat' conversations that Conniff had, the participants clearly identified themselves as minors." (Doc. 56 at 4). Therefore, at the time Conniff engaged in the Internet "chats," Conniff believed the participants to be underage, whether they were or not.

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4). Based on § 2255(f)(1), Conniff was required to file his petition by September 17, 2008 to avoid AEDPA's time bar. However, Conniff did not file his petition until July 25, 2011, nearly three years after the expiration of the statute of limitations. (Doc. 50-1 at 16).

To save his untimely petition, Petitioner must demonstrate circumstances excusing his failure to file within AEDPA's one-year limitations period.[3] Petitioner bears the burden of proving entitlement to equitable tolling of AEDPA's one-year limitation period. Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002). "In the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Id. (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)); see also Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), aff'd, 544 U.S. 295 (2005); Diaz v. Sec'y for the Dep't of Corr., 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an

---

[3] The United States moved to dismiss Conniff's petition stating that it was "filed beyond the one-year statute of limitations found in 28 U.S.C. § 2255(f), and [Conniff] has established no basis for equitable tolling." (Doc. 53 at 1).

4

otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling.").

Conniff defends his untimely filing through explaining his inability to obtain a copy of his trial transcript[4], financial troubles, and general ignorance as to the filing deadline. (Doc. 50 at 12; Doc. 56). These are not "extraordinary circumstances." It is not required that a petitioner submit a copy of his or her trial transcript when filing a § 2255 motion. See, e.g., Rules Governing 2255 Cases (Rules do not require that a transcript be filed along with petitioner's § 2255 motion); Pliler v. Ford, 542 U.S. 225, 232 (2004) (Petitioner is not required to submit court records when filing a federal habeas petition.); McCleskey v. Zant, 499 U.S. 467, 500 (1991) (The unavailability of documents, of which the petitioner has constructive knowledge, does not affect his or her ability to file a federal habeas petition). The remaining facts presented by Petitioner, specifically monetary issues and unawareness as to a time limitation for filing his action, do not evidence extraordinary circumstances beyond his control which made it impossible for him to file his petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that Petitioner used due diligence in pursuing habeas corpus relief in a timely manner. This is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. Johnson, 340 F.3d at 1226. Accordingly, the undersigned recommends that the petition be **denied**.

---

[4] Petitioner describes his efforts to acquire a copy of his trial transcript. He first contacted the Court to obtain the court reporter's contact information (doc. 48), but was unsuccessful in getting a copy of the transcript. (Doc. 56 at 2). He also had his former trial attorney attempt to get a copy, but this too failed. (Id. at 8).

5

2. <u>Petitioner is not entitled to a Certificate of Appealability</u>.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, (2000); <u>see</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as it is clear that any claim for relief made pursuant to § 2255 is time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further. <u>See</u> <u>Slack</u>, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of

the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

In the instant case, Petitioner's claims do not warrant the issuance of a Certificate of Appealability. Petitioner's claims are clearly time-barred and Petitioner has failed to demonstrate any basis for tolling the limitations period. Therefore, no reasonable jurist could differ on the appropriate disposition of the petition on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Petitioner is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is also due to be denied.[5]

## II.   Conclusion

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Petitioner's petition for habeas corpus be dismissed with prejudice as time barred. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

---

[5] The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915. An appeal may not be taken in forma pauperis if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); see Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if it appears that the appellant "has little or no chance of success," meaning that the "factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that an appeal in this case would be without merit and would not be taken in objective good faith. Thus, Petitioner is neither entitled to a Certificate of Appealability nor to appeal *in forma pauperis*.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  18th  day of October, 2013.

        s/ Katherine P. Nelson
        **KATHERINE P. NELSON**
        **UNITED STATES MAGISTRATE JUDGE**